Roscoe agt. Maison and others.

---

## SUPREME COURT.

ROSCOE Executor &c. of MAISON agt. MAISON AND OTHERS.

Under § 157 of Code the *attorney* can verify a pleading (giving sufficient reasons) instead of the *party*, whenever the party is absent from the county where the attorney resides, and such absence is itself a sufficient reason.

Where a plaintiff elects to reply, he can not on a question of verification, deny that he was bound to reply. And can not allege as a reason that the answer does not set up a *counter claim*. What is a *counter claim?*

*Dutchess Special Term, September* 1852. The plaintiff, as executor, brings suit to obtain certain assets which, as he alleges, are in the hands of the defendant L. Maison. The latter puts in his answer claiming to hold the property by virtue of a conveyance and assignment executed to him by the testatrix in her life time. The complaint is not verified; the answer is verified. The plaintiff replies, denying, among other things, the capacity of the testatrix at the time of making the conveyance, and averring his belief that it was obtained by fraud, &c. The verification of the reply is as follows:

"*Sullivan County, ss :* Charles H. Van Wyck, being sworn, says he is attorney for plaintiffs; that the matters stated in the above reply are true of his own knowledge, except as to the matters herein stated on information and belief, and as to those matters he believes it to be true. That deponent resides in the county of Sullivan and the plaintiff in the county of Westchester, and that the facts stated in this reply are as well and some of them more fully known to this deponent than to the plaintiff."

The defendant, L. Maison, moves to strike out the reply because it is not sufficiently verified.

L. MAISON, *for the Motion,*

JAS. EMOTT, *for Plaintiffs.*

BARCULO, Justice.—Section 156 of the Code requires that " when any pleading is verified, every subsequent pleading, except a demurrer, must also be verified." The defendant, therefore, having verified his answer, is entitled to have the reply verified. The question is whether the oath of the attorney is sufficient under the circumstances of the case.

Section 157 provides that the verification " must be by the affidavit of the party—or if there be several parties united in interest, and pleading together, by one at least of such parties acquainted with the facts—if such party be within the county where the attorney resides, and capable of making the affidavit." It is somewhat remarkable that no provision is made for the very common case of a party not being in the county where the attorney resides. In the case before us the attorney resides in Sullivan and the plaintiff in Westchester county. Is the party, therefore, excused from making the affidavit personally? This seems to me to be in itself a very poor reason. If pleadings are verified for the purpose of compelling parties to plead the truth and thus 'narrow down the issues it would seem that some more potent reason should be given than the mere intervention of a county line between the client and attorney.

It would seem, however, on comparing this section in the Code of 1851 with the corresponding section in the Code of 1849, which permits the affidavit to be made either by the party or his

Roscoe agt. Maison and others.

attorney, if the former is absent from the county, that the same construction should be applied to the present act. My conclusion therefore is, that in this case the reply could be verified by the attorney, upon the ground that his client was absent from the county of Sullivan, and as the attorney swears substantially to that fact, he states a sufficient reason for making the affidavit himself. I regret the necessity of denying this motion, because the construction of the act reduces the system of verification to mere form, and enables any party by leaving the county, or, by employing an attorney out of the county, to evade the oath at all times. But it is not my business to make the Code wise, or reasonable, or consistent. All I can do is to exempt the defendant from costs of this motion, which he has probably been drawn into by the imperfections and ambiguities of the section in question.

I can not, however, concur with the counsel who contended that the motion should be denied on the ground that the answer does not contain a *counter claim*, and therefore need not be replied to at all under section 253 of the last Code. A sufficient answer to that position is, that the plaintiff having elected to reply, can not, on the question of verification, deny that he was bound to reply. Besides, I am not clear that the answer does not set up a counter claim. It states, in answer to the claim of plaintiff under a will, that the testatrix in her life time, by deed conveyed the property in question to the defendant. This is a claim by an independent and hostile title to the same property. It is therefore a claim, in some respects, counter or contrary to the claim of the plaintiff, whether it falls within the term "counter claim" or not. It is unnecessary to attempt to define the precise meaning of this unfortunate compound which has been pressed, by our modern Solons, into the service of the *fourth*, and it is to be hoped, the *last* edition of the Code. It requires, however, but little knowledge of the past to foresee that this superfluous interpolation which is not found in our best dictionaries, and has been hitherto unknown to our statutes, will furnish a new source of litigation, and contribute its share towards unsettling what remains of good pleading.

The motion is denied without costs.